# EXHIBIT 3

# AMENDMENT NO. 1 TO
# CO-PROMOTIONAL RIGHTS AGREEMENT

**THIS AMENDMENT NO. 1 TO CO-PROMOTIONAL RIGHTS AGREEMENT** (the "Amendment") dated as of February 4, 2019 amends that certain Co-Promotional Rights Agreement (the "Settlement Agreement") among Salita Promotions Corp. ("SPC"), Miller Time Promotions, LLC ("MTP") and Jarrell Miller ("Fighter") dated as of June 2, 2017.

**WHEREAS**, SPC, MTP and Fighter desire to amend the Settlement Agreement with respect to certain terms and conditions as hereinafter set forth.

**NOW, THEREFORE**, in consideration of the payment of ten dollars by SPC to each of MTP and Fighter, in addition to the mutual promises and agreements hereinafter set forth, and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by both parties, the parties hereto hereby agree as follows:

1. In accordance with Section 23 of the Settlement Agreement, the parties thereto hereby amend the Settlement Agreement by:

(a) Re-designating Sections 2.1.9 and 2.1.10 of the Settlement Agreement as Sections 2.1.10 and 2.1.11, respectively, and inserting after Section 2.1.8 the following new Section 2.1.9:

> 2.1.9 Notwithstanding Section 2.1.3 above, with respect to the Championship Bout (as defined below) and for any bout (a "Title Defense") in which Fighter is recognized by the WBC, WBA, IBF and/or WBO as the reigning and defending world champion (a "World Title") during the term hereof (including, without limitation, the Initial Term or any applicable extension of the term hereof), for the Championship Bout and for each Title Defense, if applicable, Fighter's purse shall, unless otherwise agreed upon by the parties in writing, be as set forth in Section 2.1.3; provided, however, that instead of Fighter receiving 70% of the remaining Net Revenues and SPC 30% of such Net Revenues as provided in clause (iii) of Section 2.1.3, (i) with respect to the Championship Bout, Fighter shall receive Seventy-Seven and One Half Percent (77.5%) and SPC shall receive Twenty-Two and One Half Percent (22.5%) of such Net Revenues and (ii) with respect to each Title Defense, if any, Fighter shall receive Eighty Percent (80%) and SPC shall receive Twenty Percent (20%) of such Net Revenues.

(b) Inserting in Section 2.1.10 (as so re-designated in Sub-Paragraph (a) above) the following immediately preceding the period ending the first sentence thereof:

> ; provided, however, that with respect to each Post-Loss Bout (as defined below), if applicable, in lieu of Fighter receiving 70% of the applicable Net Revenues, Fighter shall receive Seventy-Seven and One Half Percent (77.5%); provided, further,

*however, that in the event that Fighter is recognized as a WBC, WBA, IBF and/or WBO world champion during the term hereof and subsequently ceases to be so recognized and as a result, the term hereof is extended in accordance with either the 18-month or 12-month extension as provided in Section 3.1(d), for all of Fighter's Bouts subsequent to such event (including, for the avoidance of doubt, any Title Defenses), in lieu of Fighter receiving 70% of the applicable Net Revenues, Fighter shall receive Eighty-Five Percent (85%);*

(c) Re-designating Section 3.1(b) of the Settlement Agreement as Section 3.1.1(d) and inserting after Section 3.1(a) the following new Sections 3.1(b) and (c):

> *(b) The Initial Term shall be extended to include Fighter's Bout (the "Championship Bout") against Anthony Joshua scheduled for June 1, 2019 at Madison Square Garden in New York City (or any date to which the Championship Bout may be postponed in accordance with Section 10 of that certain Provision Of Services Agreement (the "POS") dated February ___, 2019 among Matchroom Boxing Limited ("MBL"), SPC and MTP).*
>
> *(c) In the event that Fighter does not win the Championship Bout (including, without limitation, as the result of a loss, draw, no contest, or the cancellation of the Championship Bout by MBL as a result of the termination of the POS in accordance with Section 10 thereof), then the Initial Term shall be further extended to include Fighter's next three (3) Bouts (each, a "Post-Loss Bout"), without any intervening bouts.*

2. The parties understand and agree that except for the amendment to the Settlement Agreement provided in Paragraph 1 above, all of the terms and conditions of the Settlement Agreement shall continue in full force and effect and the parties hereto hereby ratify and reaffirm the Settlement Agreement as amended hereby.

**IN WITNESS WHEREOF**, the parties have executed this Amendment No. 1 to Co-Promotional Rights Agreement as of the date first written above.

SALITA PROMOTIONS CORP.

By: _____       _____
Dmitry Salita, President             Jarrell Miller, Fighter

2

MILLER TIME PROMOTIONS, LLC
d/b/a BIG BABY MILLER

By: _____
     Jarrell Miller, President